UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-249-H

KFC U.S. PROPERTIES, INC.                                                            PLAINTIFF

V.

PARIS PACKAGING, INC.                                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On June 1, 2007, Plaintiff, KFC U.S. Properties, Inc. ("KFC"), entered into a contract with Defendant, Paris Packaging, Inc. ("Paris Packaging") for the testing, development and approval of certain retail package containers for Popcorn Chicken sold at KFC stores (the "TDA" agreement). After some of the containers caught fire while being microwaved, KFC filed this lawsuit alleging breach of contract. KFC has now moved for partial summary judgment on its contract claim based upon the TDA and Paris Packaging's answers to the complaint.

I.

The TDA itself is relatively straightforward. It sets forth a process by which Paris Packaging will test and develop packaging for KFC's approval and use. Paris Packaging undertook the responsibility of ensuring that the product was safe. TDA ¶ 4.4. In doing so, Paris Packaging understood that it could not rely upon standards, specifications or other information that KFC provided. TDA ¶ 4.4. Paris Packaging assumed responsibility for the safety of the product when used for its "intended or reasonably foreseeable purposes." TDA ¶ 9.1. Paris Packaging warranted the packaging as "merchantable, fit for its intended purpose and of good

commercial quality, material and workmanship." TDA ¶ 10. Paris Packaging agreed to indemnify KFC for any losses generally which arose from the use of the product. TDA ¶ 9.l.

From Paris Packaging's Answer to the Complaint, the following facts seem undisputed. Paris Packaging knew that KFC intended to use the containers to package its Popcorn Chicken for sale to the general public. Complaint ¶ 73 /Answer ¶ 59. Popcorn Chicken is a food product that may be reheated in a microwave oven. Complaint ¶ 74 /Answer ¶ 59. It is not unreasonable for KFC customers, who do not finish their Popcorn Chicken before arriving home, to reheat it in a microwave oven when they arrive at home, or to refrigerate the remaining chicken to be reheated in a microwave oven and consumed at a later date. Complaint ¶ 19 /Answer ¶ 20. The Popcorn Chicken packaging as produced may ignite if microwaved. Complaint ¶ 27 /Answer ¶ 26. A fire in a microwave oven can cause damage to the product and to the property of the customer. Complaint ¶ 52 /Answer ¶ 47.

KFC received customer complaints regarding Paris Packaging's containers spontaneously bursting into flames while reheating in a microwave. It requested comment from Paris Packaging. KFC then notified Paris Packaging that the containers it manufactured would not be used in the KFC System restaurants. On February 20, 2009, KFC notified its restaurants and franchisees that they must immediately discontinue using the unsafe containers until further notice.

II.

Interpretation of the contract is a question of law for the Court to decide. *Schreck Mechanical Corp. v. Borden, Inc.*, 186 F.Supp. 724, 729-30 (W.D. Ky. 2001). The Court concludes that the TDA constitutes a valid and enforceable agreement among the parties. The

Court further concludes that the TDA clearly and unambiguously places the burden on Paris Packaging to ensure that the product is safe for reasonably foreseeable purposes. Without doubt, the product was unsafe for use in the microwave. Therefore, if using the product in the microwave was a reasonably foreseeable use, Paris Packaging breached the TDA as a matter of law.[1]

The admissions contained in Paris Packaging's Answer, combined with simple common sense, clearly show that microwaving was a reasonably foreseeable use of the product.[2] Paris Packaging agrees that its product was used to hold Popcorn Chicken and was given directly to customers to transport that chicken. It further agrees that customers would likely take their Popcorn Chicken home in the container. Finally, it agrees that it is reasonable for customers to microwave their Popcorn Chicken at home. Therefore, the only inference required for finding a breach of contract is that it was foreseeable that the consumers would keep the chicken in the paper package when they microwaved it. This inference requires merely a small step guided by common sense, not a leap of faith.

Certainly Paris Packaging cannot contest that consumers generally believe paper packaging is safe for microwave use. Every day, people microwave paper plates, frozen foods contained in paper packaging and scores of other paper products. Thus, the Court finds, as a matter of law, that no reasonable juror could determine it was unforeseeable that consumers

---

[1] The fact that the TDA never specifically says the product should be safe for microwave use is of no consequence. The TDA required the product be safe for all reasonably foreseeable uses. Thus, if microwaving was reasonably foreseeable, the product had to be safe for microwaving.

[2] To be clear, Paris Packaging unequivocally denies that customers' use of the product in a microwave oven was foreseeable. As explained, however, the other admissions in the Answer clearly show that such a contention is, in itself, unreasonable.

would microwave their Popcorn Chicken in the paper box in which it came.

Therefore, Paris Packaging has breached the contract by (1) providing packaging which is unsafe, (2) providing packaging which is unfit for its intended and reasonably foreseeable uses, and (3) failing to meet its other responsibilities under the TDA.

## III.

Paris Packaging has raised a number of objections to this conclusion, both in its briefs and during a conference held by the Court. None of them have substantial merit.

Paris Packaging argued that KFC's own actions prohibit its breach of contract claim. Specifically, it argues that because KFC approved the package design and specified that "process ink," which Paris Packaging alleges is a term of art for a specific type of ink with a specific chemical makeup prone to ignition in the microwave, was to be used, Paris Packaging did not breach the contract. However, the TDA requires Paris Packaging to provide a safe product and one fit for reasonably foreseeable uses, regardless of any specifications that may have been provided. The TDA provides that Paris Packaging may not rely upon any specification given to it as a defense to its obligations. TDA ¶ 4.4. Therefore, even if the term "process ink" is a term of art (which this Court doubts), the use of that term in a mockup and KFC's approval of the package design would not be a defense to Paris Packaging's obligations.

Paris Packaging also argued that because the package contained no warning against microwaving, it could not have known that customers might microwave the product. In essence, Paris Packaging stated that many of its customers request labels on food packaging that say "do not microwave" and because KFC did not request such a label, it assumed KFC did not foresee this package being used in the microwave. The argument makes little sense as the Court

4

understands it. In the Court's view, the fact that other customers requested such a warning and KFC did not suggests that microwaving was expected.

Although KFC is clearly entitled to judgment on its contract claim as a matter of law, the precise nature of its remedy and its damages, if any, cannot be determined at this time. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that KFC's request for a partial summary judgment is SUSTAINED to the extent that the Court finds, as a matter of law, that Paris Packaging has breached its contract with KFC.

cc: Counsel of Record